IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                     OPINION AND ORDER

                Plaintiff,

                                                                     10-cv-154-bbc

           v.                                                        08-cr-153-bbc

JEFFERY ROBINSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Jeffery Robinson has filed a timely motion under 28 U.S.C. § 2255 to vacate his sentence, contending that it is illegal because his counsel failed to file a motion for discovery of the promises made to the government's key witnesses and for discovery of the identity of the confidential informant. In addition, he asks to be resentenced as if his crime had involved only powder cocaine and not the crack form.

      Both defendant's motion to vacate and his request for resentencing must be denied. First, as to his sentence, defendant has not shown that any additional discovery would have shown that he was innocent of the crimes or that his criminal conduct was less serious than the government made it out to be. Second, as to resentencing, I have no authority to revise his sentence to reflect new thinking about the disparity in sentences for crack and powder

1

cocaine. The only circumstance in which I could change defendant's sentence would be if Congress voted to eliminate the mandatory minimum sentences for crack cocaine offenses and made the change retroactive to sentences imposed before it acted.

## BACKGROUND

Defendant Jeffrey Robinson was charged with ten counts of knowing and intentional distribution of crack cocaine; eight counts were for amounts of five grams or more and two were for amounts in excess of 50 grams. Defendant entered a plea of guilty to count nine, charging him with distribution of 50 grams or more. On March 25, 2009, he was sentenced to the mandatory minimum sentence of ten years. He filed an appeal, but moved to dismiss it; the motion was granted on June 2, 2009.

Some of the information developed against defendant was provided by confidential informants, who engaged in controlled buys with defendant under police surveillance. These controlled buys produced 321 grams of crack cocaine. On September 24, 2008, a search of defendant's residence turned up approximately 86 grams of cocaine base plus 2.6 grams of heroin. On the same day, defendant's girlfriend, Shaquita White, was stopped by police, while in possession of about 63 grams of cocaine base. She told the police that defendant had brought it to her residence about a week earlier. (Defendant's nephew, Timothy Robinson, told the government about large sales of crack cocaine that defendant had made

but the government could not verify this information so I placed no reliance on it at sentencing.)

## OPINION

Strickland v. Washington, 466 U.S. 668 (1984), governs claims of ineffectiveness of counsel. To succeed on such a claim, a defendant must prove both that his attorney's performance fell below an objective standard of reasonableness *and* that he suffered prejudice as a result. Id. at 687-88. To show that the attorney's failure to investigate fell below the objective standard, a defendant must provide the court "sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." Hardamon v. United States, 319 F.3d 943, 951 ((7th Cir. 2003), and show that the information discovered "would have led counsel to change his recommendation as to the plea." Hill v. Lockhart, 474 US. 52, 58-60 (1985). Richardson v. United States, 379 F.3d 485 (7th Cir. 2004).

In this instance, defendant's showing fails in both respects. He has provided no information about what his counsel might have discovered had he undertaken additional investigation or moved for disclosure of the confidential informant's identity. He has not explained why it would have been helpful to know the informant's identity when the informant (or informants) were under police surveillance during all of the controlled buys. Defendant's failure to provide this information would be a sufficient ground on which to

3

dismiss his motion, but even if he had supplied the information, it would not have changed the outcome of his sentencing.

Whatever allegations of ineffectiveness defendant makes, he cannot show that he was prejudiced by any alleged failure of his counsel to investigate. Had counsel investigated the confidential informants and determined that they were all unworthy of belief because they were biased against defendant or for some other reason, it would have made no difference in the determination of defendant's sentence. I could have simply ignored all the information they provided and considered only the information obtained in the search of defendant's residence or, alternatively, relied only on the crack cocaine turned over to the police by Shaquita White. Either of these sources showed that defendant had possessed cocaine base well in excess of 50 grams, so as to trigger the mandatory minimum sentence. Without a showing of prejudice, defendant's claim of ineffectiveness of counsel fails.

As to defendant's request to be resentenced as if he had distributed powder cocaine, I have no authority to resentence defendant to eliminate the disparity in his sentence and those for powder cocaine offenses, as I noted at the outset of this opinion. Defendant was not sentenced under the guidelines but under 21 U.S.C. § 841(a)(1). Unless Congress were to change the sentences required under that statute and make the change retroactive to cases closed before the change took effect, defendant's sentence must remain as imposed in 2009.

4

ORDER

IT IS ORDERED that defendant Jeffery Robinson's motion for post conviction relief filed under 28 U.S.C. § 2255 is DENIED for his failure to show that his conviction and sentence are illegal in any respect.

Entered this 30th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge