IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

JEFFERY ROBINSON,

                Defendant.

ORDER

10-cv-154-bbc
08-cr-153-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 24, 2010, defendant Jeffery Robinson filed a motion for post conviction relief under 28 U.S.C. § 2255, on three grounds: (1) his counsel was ineffective for failing to file a motion for discovery; (2) he should be resentenced as if he had distributed powder cocaine; and (3) his counsel was ineffective for not arguing that defendant was eligible for the safety valve under § 5C1.2. In an order entered on March 30, 2010, I denied grounds (1) and (2) of his motion. On April 15, 2010, defendant filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) and 60, alleging that the court did not address claim (3) that his counsel was ineffective for not seeking a safety value reduction under USSG § 5C1.2. Defendant was correct. In an order dated April 19, 2010, I vacated the judgment entered on March 30, 2010, addressed defendant's safety valve claim and

1

Copy of this document has been provided to: Defendant
this 20 day of Jl, 20 10
by ___
S. Vogel, Secretary to
Judge Barbara B. Crabb

dismissed it on the ground that defendant did not qualify for such a reduction because he had refused to provide a statement to investigators, one of the five prerequisites to qualify for a safety value reduction. Judgment was entered on April 22, 2010, dismissing defendant's § 2255 in its entirety. On May 7, 2010, defendant filed yet another motion to alter or amend judgment alleging that his counsel failed to advise him of the necessary requirements to qualify for a safety valve reduction. On the basis of this allegation, I gave defendant an opportunity to provide the court an affidavit swearing that his counsel did not tell him what he needed to do to receive a safety valve reduction. On June 18, 2010, defendant filed an affidavit that I found to be insufficient to establish that his counsel acted ineffectively. In addition, I noted that because defendant had been found to be an organizer of a drug distribution conspiracy, he could not qualify for the safety valve.

Now defendant has filed a notice of appeal. He states that he is appealing from the April 13, 2010 order. Because there is no order or judgment dated April 13, 2010, I am assuming that defendant is appealing from the April 22, 2010, judgment denying his §2255 motion in its entirety.

Defendant has neither filed an application for a certificate of appealability nor paid the $455 fee that is required if he is to take an appeal from the denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22. Therefore, I will construe defendant's notice as including a request for a certificate of appealability and a request for leave to proceed in

2

forma pauperis on appeal under 28 U.S.C. § 1915.

According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed." Defendant had court-appointed counsel during the criminal proceedings against him and I do not intend to certify that his appeal is not taken in good faith. Defendant's challenge to his sentence is not wholly frivolous. A reasonable person could suppose that it has some merit. Cf., Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). Therefore, I will grant him leave to proceed on appeal in forma pauperis.

As to defendant's request for a certificate of appealability, such a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

3

Defendant's challenge to his sentence does not meet the demanding standard for a certificate of appealability. There is no support anywhere in the law for defendant's arguments that his counsel was ineffective or that he should be resentenced as if his crime had involved only powder cocaine and not crack cocaine. Because reasonable jurists would not disagree about this conclusion, I must deny defendant's request for a certificate of appealability. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

ORDER

Defendant Jeffery Robinson's request to proceed in forma pauperis on appeal is GRANTED. His request for a certificate of appealability is DENIED.

Entered this 20th day of July, 2010.

BY THE COURT:

*Barbara B. Crabb*
BARBARA B. CRABB
District Judge

4